UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TARA RASHAY PATRICK TAYLOR,

                Plaintiff,

-against-

CHILDREN'S VILLAGE; JEREMY C. KOHOMBAN; PETER FRIEDMAN; SHALEIGH BROUGHTON; CHANNETTE WRIGHT,

                Defendants.

20-CV-10997 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that her employer discriminated against her based on a disability. Because she names individual defendants, the Court also construes the complaint as asserting claims under the New York State Human Rights Law ("NYSHRL"). By order dated January 25, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint, which appears to be incomplete. On April 7, 2020, Plaintiff received a letter from Children's Village stating that her employment was terminated. Plaintiff states that the letter, which describes the reasons for her termination, is attached to the complaint, but Plaintiff's submission did not include a letter attached to the complaint.

Plaintiff alleges that her employer "was made aware of [her] illness that could cause unconsciousness when sitting still." (ECF No. 1, at 5.) Human Resources "was made aware" that Plaintiff "applied for accommodations due to [her] anemia." (*Id.*) She further alleges that Arthur Williams, Peter Friedman, and Deborah Finley were aware of Plaintiff's "leaving the cottage due to the workplace bullying that was taking place in regards of [Plaintiff] to maintain [her] composure." (*Id.*) Plaintiff requested "on numerous occasions" to be reassigned to another work site "to avoid working with Williams Cottage staff" but her requests were denied. (*Id.*)

Plaintiff alleges that the Children's Village refused to provide her with an internship, refused to promote her, and refused to provide her with clinical supervision required to become a licensed mental health counselor in the State of New York.

As a result, Plaintiff suffered poor credit scores, lost income, and lost "time with [her] biological children." (*Id.* at 6.) Plaintiff seeks an order directing Children's Village to rehire her and to provide her with clinical supervision, and money damages.

Plaintiff attaches to her complaint a Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on September 29, 2020. (ECF No. 2, at 6.)[1]

On December 30, 2020, Plaintiff filed an email that states in its entirety and verbatim:

> Can you doc this information in the complaint portion of the complaint filed with the Southern District U.S. Courts that this answer to this Federal Question is: Civil Rights Act of 1964; religious belief. The Americans with Disabilities Act of 1990 meaning video footage that is floating around in regards of a possible physical and mental illness.

(ECF No. 3.)

---

[1] The complaint was received via the Court's temporary filing mailbox as a single PFD. The EEOC's Notice of Right to Sue was docketed as part of Plaintiff's forms consenting to receive electronic service.

On January 5, 2021, the Court received a letter from Plaintiff in which she states that "discovered a few technicalities in regards" to her complaint. (ECF No. 4, at 1.) She states that the complaint is asserting claims under the ADA and the Civil Rights Act of 1964. Plaintiff requests "that the parties that produced footage for me to be terminated from [Children's Village] to be charged criminally as well as civilly due to the fact of [her] termination." (*Id.*) Plaintiff asserts that she "was placed at risk for human trafficking, domestic violence as well as family violence again." (*Id.*)

Plaintiff further writes that she "was diagnosed with a severe mental illness back in 2009 to cover for domestic violence," and that the last mental health assessment she completed showed "no signs of a mental illness." (*Id.*) She states that "[b]ecause the mental illness has been corrected there has been threat of harm towards me, my children, family, and friends because the truth is now being discovered from anonymous parties." (*Id.*) She is "a long term victim of stalking, sex trafficking, human trafficking, domestic violence, and family violence." (*Id.*) Plaintiff concludes her letter by stating,

> It was also brought to my attention that there is a video recording floating around with me having a mental illness and documents with physical illness. The parties that have access to the footage will not release the footage or documents to me. Your Honor I would like to kindly as that you review all of the facts in this case. I am also requesting that this case is sealed due to the stalking that has been taking place in regards of me.

(*Id.* at 1-2.)

## DISCUSSION

**A.     Motion to seal**

The Court construes Plaintiff's January 5, 2021 letter as a motion to seal. Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978); *Hartford Courant Co. v.*

4

*Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). This right of access is not absolute, however, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99. A party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *Lugosch*, 435 F.3d at 119-20. First, the court must determine whether the documents are indeed "judicial documents," to which the public has a presumptive right of access. *Id.* at 119. The documents must be "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation marks and citation omitted). Second, if the court determines that the materials to be sealed are judicial documents, then the court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo*, 71 F.3d at 1049. Finally, the court must "balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (quotation marks and citation omitted).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). A litigant's concerns that information contained in court documents will bring her

5

adverse publicity or negatively impact her are insufficient reasons for a court to seal documents. *See Bernsten v. O'Reilly*, No. 17-CV-9483 (DAB), 2018 WL 1615840, at *5-6 (S.D.N.Y. Apr. 3, 2018) (collecting cases); *Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008).

The Court concludes that Plaintiff has not alleged sufficient facts to outweigh the presumption in favor of public access to court records. Plaintiff's letter refers to the risk of sex trafficking and stalking, and to potential threats of harm to her and her family, "because the truth is now being discovered by anonymous parties." (ECF No. 4, at 1.) But she does not describe the nature of these risks and threats and does not allege any facts connecting those concerns with the employment discrimination claims asserted in her complaint. In an abundance of caution, however, the Court directs the Clerk of Court to designate Plaintiff's complaint (ECF No. 1) and her January 5, 2021 letter (ECF No. 4) as case-participant view only. If Plaintiff wishes future filings, including any amended complaint, to be filed under seal, she may submit along with the filing a request that the document be filed under seal.

**B.    Discrimination claims**

Plaintiff asserts claims that her employer discriminated against her in violation of the ADA and Title VII. "The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities"; "a record of such an impairment"; or is "regarded as having such an impairment."[2] 42 U.S.C. § 12102(1)(A)-(C).

---

[2] An individual meets this third requirement "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived

Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). A plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*

Plaintiff fails to state a claim under the ADA that her employer discriminated against her based on a disability. The complaint mentions an "illness that could cause unconsciousness when sitting still" and references anemia, but fails to allege sufficient facts suggesting that Plaintiff has

---

physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

7

a "physical or mental impairment that substantially limits one or more . . . major life activities." 42 U.S.C. § 12102(1)(A). The Court construes the references in Plaintiff's letter to past mental and physical illness as asserting that her employer discriminated against her based on a record of a past impairment. *See* 42 U.S.C. § 12102(1)(B). But Plaintiff's letter does not allege sufficient facts describing the nature of these past illnesses or of the "footage" or documents that formed the basis of the alleged discrimination. And regardless of which definition of disability Plaintiff invokes, she fails allege facts describing what occurred during her employment at Children's Village, what type of accommodation she requested, the reasons given, if any, for her termination, or why she believes the termination was based on a disability or record of a disability.

Plaintiff fails to state a claim under Title VII because she does not identify her race, color, religion, sex, or national origin, and she fails to allege any facts suggesting that her employer discriminated against her based on any of these protected characteristics.

The Court again notes that the complaint appears to reference attachments that were not included in Plaintiff's submission. Moreover, it is unclear how Plaintiff's December 30, 2020 submission and the allegations contained in her January 5, 2021 letter relate to the claims asserted in the complaint. For example, her letter references mental and physical illnesses, but it is unclear whether Defendants took adverse action against her because of those illnesses. It is similarly unclear how Plaintiff's allegations of sex trafficking and domestic violation relate to her employment at Children's Village. The Court grants Plaintiff leave to amend her complaint to allege any facts suggesting that Children's Village violated the ADA and Title VII.

**C.    Claims against individual defendants**

Plaintiff sues individual defendants. But under the federal employment anti-discrimination statutes, individuals may not be held liable. *See Tomka v. Seiler Corp.*, 66 F.3d

1295, 1317 (2d Cir. 1995) (holding that "an employer's agent may not be held individually liable under Title VII"); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (holding that the ADA's retaliation provision "cannot provide for individual liability"); *see, e.g.*, *Burris v. Hous. & Servs. Inc.*, No. 17-CV-9289 (JGK), 2019 WL 1244494, at *5 (S.D.N.Y. Mar. 18, 2019) (noting that "individuals cannot be held liable under the ADA"); *Garvey v. Town of Clarkstown, New York*, No. 13-CV-8305 (KBF), 2018 WL 1026379, at *8 (S.D.N.Y. Feb. 22, 2018) (holding that "[t]he ADA applies to employers; it does not confer individual liability") (citing *Spiegel*, 604 at 79 (2d Cir. 2010)), *aff'd sub nom. Garvey v. Sullivan*, No. 18-656, 2019 WL 2142530 (2d Cir. May 15, 2019).

But Plaintiff may be able to assert claims under the NYSHRL against the individual defendants. *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) ("The NYSHRL [does] provide[] for individual liability under an aiding-and-abetting theory.") (citing *Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2004)).

Plaintiff does not state how the individual defendants discriminated against her. The Court therefore grants Plaintiff leave to state any facts showing that the individual defendants participated in any unlawful discriminatory conduct.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff.[3] and note service on the docket.

The Clerk of Court is further directed to designate the complaint (ECF No. 1) Plaintiff's January 5, 2021 letter (ECF No. 4) as "case-participant view only."

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint,"

---

[3] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 2.)

10

and label the document with docket number 20-CV-10997 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   February 8, 2021
         New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
       *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.      List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant       Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

C.      The address at which I sought employment or was employed by the defendant(s) is:

                 Employer _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

**II.     Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

         _____         Failure to hire me.

         _____         Termination of my employment.

         _____         Failure to promote me.

         _____         Failure to accommodate my disability.

         _____         Unequal terms and conditions of my employment.

         _____         Retaliation.

*Rev. 07/2007*                                              2

      _____      Other acts *(specify)*: _____.

      *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.   It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                           *Date(s)*

C.   I believe that defendant(s) *(check one)*:

     _____      is still committing these acts against me.

     _____      is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

      ☐    race   _____      ☐    color   _____

      ☐    gender/sex   _____      ☐    religion_____

      ☐    national origin   _____

      ☐    age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

      ☐    disability or perceived disability, _____ *(specify)*

E.   The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

     *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**   **Exhaustion of Federal Administrative Remedies**:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.   The Equal Employment Opportunity Commission *(check one)*:

       _____     has not issued a Notice of Right to Sue letter.

       _____     issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

    *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

       _____     60 days or more have elapsed.

       _____     less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_.

                   Signature of Plaintiff   _____

                   Address                 _____

                                                       _____

                                                       _____

                   Telephone Number    _____

                   Fax Number *(if you have one)*  _____